# In the United States Court of Federal Claims

No. 15-747C
(Filed June 22, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
JULIET MARINE SYSTEMS, INC.,     *
                                 *
                Plaintiff,       *
         v.                      *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

The Court has reviewed the joint motion for a protective order. Though the parties agree that a protective order should issue, they disagree on a single provision of that order --- namely, what materials should be designated as "Attorneys' Eyes Only." The parties agree that any non-public, competition-sensitive information received from or concerning third parties should be classified as "Attorneys' Eyes Only." The government maintains that there is no reason to limit this prohibition to information received from, or concerning, third parties. In short, the government claims that access to any information the government has concerning plaintiff Juliet Marine Systems, the disclosure of which would harm the competitive process, should be restricted to attorneys. By contrast, plaintiff argues that any competition-sensitive information the government possesses regarding itself should not be so restricted. In support of this argument, plaintiff contends that the concerns about competition that animate the protective orders in our bid protest cases, and which would limit access to such competition sensitive information to attorneys only, are not present in this action. Additionally, plaintiff contends that information such as source selection information is not shielded from discovery by the Procurement Integrity Act after the award of the contract in connection with which it was generated. *See* 41 U.S.C. § 2102(a)(1), (b).

As presented in the joint motion, it is not clear to the Court what, if any, documents could be affected by the disputed provisions. The government notes that

no document had yet to be designated as "Attorneys' Eyes Only" at the time the motion was filed, and seemed to doubt that any would.  How such documents could be embraced by plaintiff's discovery requests, and whether plaintiff had ever competed for government contracts relating to the technology at issue, have not been shared with the Court.  Under these circumstances, and particularly in light of the restriction on disclosure of competition-related information that has been recognized by at least one court, *see Prof'l Review Org. of Florida, Inc. v. U.S. Dep't of Health & Human Servs.*, 607 F. Supp. 423, 427 (D.D.C. 1985), the Court believes it is prudent to adopt the broader restriction requested by the government.  This dispute cannot be resolved in the abstract, but instead requires the context of specific documents.  If any documents are produced to plaintiff's attorneys for their eyes only, which those attorneys believe cannot give any competitive advantage to their client because of their vintage or subject matter, plaintiff's counsel should move (under seal) for permission to disclose the documents, and provide a copy to chambers for *in camera* review.

The joint motion for a protective order is accordingly **GRANTED**.  The Court shall separately issue the protective order which was proposed as Exhibit B to the joint motion, with some minor, typographical changes.

**IT IS SO ORDERED.**

s/ Victor J. Wolski<br>
**VICTOR J. WOLSKI**<br>
Judge