# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JULIET MARINE SYSTEMS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>                    Defendant | No. 15-747 C<br><br>Judge Victor J. Wolski |

## DEFENDANT'S MOTION TO AMEND ITS ANSWER TO ASSERT THE AFFIRMATIVE DEFENSE OF PATENT INVALIDITY

|  |  |
|---|---|
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br><br>JOHN FARGO<br>Director, Intellectual Property Staff |
| Of Counsel:<br>GARY L. HAUSKEN<br>JENNA E. MUNNELLY<br>Department of Justice | COREY R. ANTHONY<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C. 20530 |
| Dated:  July 13, 2016 | *Attorneys for the United States* |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii
LIST OF DEFENDANT'S EXHIBITS ........................................................................................ iv
OVERVIEW ................................................................................................................................... 1
STATUS OF THE CASE .............................................................................................................. 2
ARGUMENT .................................................................................................................................. 3
    A.    JMS is Not Prejudiced by the Proposed Amendment ....................................... 4
    B.    The Government's Proposed Amendment is Not Futile ................................... 4
    C.    The Government Did Not Unduly Delay or Act in Bad Faith ......................... 7
CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Alice Corp. Pty. Ltd. v. CLS Bank*,
   134 S. Ct. 2347 (2014) ............................................................................................................ 5

*ALZA Corp. v. Andrx Pharms., L.L.C.*,
   603 F.3d 935 (Fed. Cir. 2010) ................................................................................................ 6

*Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*,
   543 F.3d 657 (Fed. Cir. 2008) ................................................................................................ 5

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006) ................................................................................................... 7

*ATK Thiokol, Inc. v. United States*,
   76 Fed. Cl. 654 (2007) ............................................................................................................ 7

*Christofferson v. United States*,
   77 Fed. Cl. 361 (2007) ....................................................................................................... 3, 7

*Cooke v. United States*,
   79 Fed. Cl. 741 (2007) ............................................................................................................ 7

*Katzin v. United States*,
   115 Fed. Cl. 618 (2014) .......................................................................................................... 4

*Liberty Ammunition, Inc. v. United States*,
   119 Fed. Cl. 368 (2014) .......................................................................................................... 4

*Meyer Group, Ltd. v. United States*,
   115 Fed. Cl. 645 (2014) .......................................................................................................... 7

*Piet v. United States*,
   176 F. Supp. 576 (S.D. Cal. 1959), *modified*, 283 F.2d 693 (9th Cir. 1960) ......................... 2

*St. Paul Fire & Marine Ins. Co. v. United States*,
   31 Fed. Cl. 151 (1994) ........................................................................................................ 4, 8

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*,
   789 F.3d 1335 (Fed. Cir. 2015) .............................................................................................. 6

*Tommaseo v. United States*,
   80 Fed. Cl. 366 (2008) ............................................................................................................ 7

**Statutes**

28 U.S.C. § 1498 ............................................................................................................................ 4
35 U.S.C. § 101 .....................................................................................................................1, 4, 8
35 U.S.C. § 102 ..................................................................................................................1, 4, 5, 8
35 U.S.C. § 103 ..................................................................................................................1, 4, 5, 8
35 U.S.C. § 112 .................................................................................................................... passim
35 U.S.C. § 183 .................................................................................................................... passim
35 U.S.C. § 282(b) ........................................................................................................................ 4
35 U.S.C. § 1498 ........................................................................................................................... 4

**Rules**

RCFC 15(a) ............................................................................................................................. 1, 3

**LIST OF DEFENDANT'S EXHIBITS**

|  | Page |
|---|---|
| Exhibit A – Proposed Amended Answer | A1-8 |
| Exhibit B – Excerpt from U.S. Patent No. 8,408,155 | A9-12 |
| Exhibit C – Excerpt from U.S. Patent No. 8,857,365 | A13-16 |
| Exhibit D – Excerpt from U.S. Patent No. 8,683,937 | A17-20 |
| Exhibit E – Excerpt from U.S. Patent No. 6,789,490 | A21-29 |
| Exhibit F – Correspondence between the Parties | A30-37 |
| Exhibit G – Statements by JMS regarding Supercavitation Travel | A38-47 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JULIET MARINE SYSTEMS, INC., <br><br>                                  Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br>                                  Defendant | No. 15-747 C <br><br> Judge Victor J. Wolski |

### DEFENDANT'S MOTION TO AMEND ITS ANSWER TO ASSERT THE AFFIRMATIVE DEFENSE OF PATENT INVALIDITY

Pursuant to the Rules of the Court of Federal Claims (RCFC) 15(a), Defendant, the United States (the Government), hereby moves for leave to amend its Answer to assert the affirmative defense of patent invalidity.  Specifically, U.S. Patent Nos. 8,408,155 (the '155 Patent), 8,683,937 (the '937 Patent), and 8,857,365 (the '365 Patent) asserted in the present suit by Plaintiff, Juliet Marine Systems (JMS) are invalid for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.  Because the asserted patents are invalid, JMS's claim for damages must fail—as a matter of law.  *See* 35 U.S.C. § 183.  Therefore, the Court should grant the Government's motion to assert the affirmative defense of patent invalidity.

On July 13, 2016, counsel for the government discussed this motion with counsel for the Plaintiff who indicated that Plaintiff would oppose this motion.  A copy of the Amended Answer is attached hereto as Exhibit A.

### OVERVIEW

Plaintiff's Complaint seeks compensation pursuant to 35 U.S.C. § 183, for damages resulting from secrecy orders imposed by the Government on its patent applications.  *See* Dkt. 1, Compl. ¶ 1.  As discussed below, information uncovered by the Government, post pleading, demonstrates that JMS's asserted patents are invalid.  Therefore, under 35 U.S.C. § 183, JMS is

barred from recovering any purported damages because the asserted patents are invalid.  *See Piet v. United States*, 176 F. Supp. 576, 586 (S.D. Cal. 1959), *modified*, 283 F.2d 693 (9th Cir. 1960) (granting judgment for the Government in a section 183 action because the patent in suit was invalid).  Accordingly, the Government seeks leave from this Court to amend its Answer to assert the affirmative defense of patent invalidity.

## STATUS OF THE CASE

This litigation is currently in the early stages of discovery.  JMS filed its Complaint on July 15, 2015.  Dkt. 1.  In order to facilitate early settlement discussions the parties jointly requested a sixty day extension to the due date for the Government's Answer.  Dkt. 6; *see* Dkt. 7.  On November 9, 2015, the Government timely filed its Answer to JMS's Complaint.  Dkt. 8.  On or about February 1, 2016, formal discovery in this matter opened.  *See* Dkt. 12.

To date the parties have been actively engaged in written discovery.  JMS served its First and Second Set of Requests for Production of Documents (RFPs), on February 19 and July 7, 2016.  On April 29, 2016, the Government timely served its objections and responses to JMS's First Set of RFPs.  *See* Exhibit F at A33.  To date the Government has produced approximately 2700 pages of documents in response to JMS's RFPs.  An additional 570 documents (initially withheld in anticipation of a Protective Order) will be produced shortly.  *See id*.  The Government's response to JMS's Second Set of RFPs is due on or before August 8, 2016.

On February 29, 2016, the Government served its First Set of RFPs and First Set of Interrogatories.  On May 13, 2016, JMS timely served its objections and responses to the Government's RFPs and interrogatories.  *See* Exhibit F at A35.  JMS requested and the Government agreed to JMS producing documents responsive to the Government's RFPs on a rolling basis.  *See id.* at A34-35.  To date JMS has produced more than 152,000 pages of

2

documents. *See id.* at A35. JMS has indicated that it will provide the Government with the remaining responsive documents on or before July 29, 2016. *Id.* at A36.

The Government is unaware of JMS serving any third parties with subpoena for documents. On or about February 29, 2016, the Government served a subpoena for documents on Island Engineering Inc. (Island). Exhibit F at A31. In response to the subpoena Island produced approximately 3200 pages of documents on or about March 28, 2016. *See id.* at A33. The Government also served a subpoena for documents on Pandiscio & Pandiscio P.C. (Pandiscio) on or about March 10, 2016. *See id.* at A32. Pandiscio is represented by counsel for the plaintiff. *Id.* Pandiscio has not produced any documents as yet. The Government understands that documents responsive to the Pandiscio subpoena will be produced with the remaining JMS documents on or before July 29, 2016.

On April 26, 2016, the parties moved for entry of a protective order. Dkt. 13. On June 22, 2016, the Court granted the Protective Order requested by the Government. *See* Dkt. 14; Dkt. 15. Fact and expert discovery are presently scheduled to close on November 1, 2016 and February 16, 2017 respectively. Dkt. 12. The Government now timely moves for leave to amend its Answer.

## ARGUMENT

RCFC 15(a)(2) requires that leave be freely given to a party seeking to amend its pleading. When determining whether to grant a motion to amend, this Court looks to the following factors: (1) undue prejudice to the opposing party; (2) futility of the amendment; and (3) undue delay, bad faith or dilatory motive on the part of the movant. *Christofferson v. United States*, 77 Fed. Cl. 361, 363 (2007). These factors favor granting the Government's request.

**A. JMS is Not Prejudiced by the Proposed Amendment**

A motion to amend a pleading should be granted if the opposing party will not be unduly prejudiced. *See id.* An opposing party is unduly prejudiced when an amendment creates "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or excessive delay that is unduly burdensome." *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (1994). Because the present case is in the early stages of discovery JMS will not be prejudiced by the proposed amendment. No trial date has been set and as stated above, fact and expert discovery are scheduled to close on November 1, 2016 and February 16, 2017, respectively. *See* Dkt. 12. Moreover, the parties are still completing their initial production of documents, and no depositions have been scheduled or taken as yet. For these reasons, the proposed amendment will not hinder JMS's ability to present facts or evidence, or cause it to conduct extensive research shortly before trial. Accordingly, JMS will not be prejudiced by the government's proposed amendment. Consequently, the Government's Motion to Amend its Answer should be granted.

**B. The Government's Proposed Amendment is Not Futile**

Generally, a court will not find an amendment futile unless it is "facially meritless and frivolous." *Katzin v. United States*, 115 Fed. Cl. 618, 622 (2014) (quoting *St. Paul*, 31 Fed. Cl. at 155). In this case, the Government's proposed amendment is not futile or frivolous because patent invalidity is a valid defense in a section 183 action. "In a suit under the provisions of [section 183] the United States may avail itself of all defenses it may plead in an action under section 1498 of title 28." 35 U.S.C. § 183. Under 28 U.S.C. § 1498, "the government may avail itself of the invalidity defenses set forth in 35 U.S.C. § 282(b)." *Liberty Ammunition, Inc. v. United States*, 119 Fed. Cl. 368, 387 (2014). Therefore, in a section 183 action, the Government

4

may raise defenses of invalidity on the grounds of lack of statutory subject matter under 35 U.S.C. § 101; lack of novelty under 35 U.S.C. § 102; obviousness under 35 U.S.C. § 103; lack of enablement under 35 U.S.C. § 112, first paragraph; and indefiniteness under 35 U.S.C. § 112, second paragraph. *See also Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 543 F.3d 657, 662 (Fed. Cir. 2008).

Defendant's post pleading investigation raises substantial questions regarding the validity of all three patents asserted by JMS. For example, all the claims in the '155 Patent are invalid because they lack novelty (35 U.S.C. § 102) and/or would have been obvious (35 U.S.C. § 103) in light of the disclosures contained in the prior art. Generally, all the claims in the '155 Patent are directed towards a marine vessel that is steered through the use of spoilers – as opposed to a rudder – attached to the vessel's pontoons. *See* Exhibit B at A11-12. Similarly, U.S. Patent No. 6,789,490 (the '490 Patent) which issued in 2004 – five years prior to JMS filing its patent application – teaches a rudderless marine vessel that is steered through the use of *spoilers* attached to the vessel's pontoons. *See* Exhibit E at A25, A27-28. Thus, the invention claimed in the '155 Patent is invalid because it lacks novelty and/or would have been obvious in light of the teachings in the prior art.

In addition, several of the claims in the asserted patents are invalid because they claim non-patentable subject matter. *See generally Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355-60 (2014) (outlining the two-step framework for determining patent eligible subject matter under 35 U.S.C. § 101). Namely claims 13 and 14 in the '155 Patent, claim 21 in the '937 Patent, and claim 20 in the '365 Patent. Exhibit B at A11-12; Exhibit C at A16; Exhibit D at A20. These claims are invalid because they are directed at the abstract idea of moving a marine vessel through water. *See also Alice*, 134 S. Ct. at 2355-60.

Further, all the claims in the '365 and '937 Patents are invalid as indefinite (35 U.S.C. § 112, second paragraph) because these same patents "failed to inform with *reasonable certainty*" as to the meaning of the claim term *supercavitated water*. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1345 (Fed. Cir. 2015) (emphasis in original).

Even further, the '365 and '937 Patents are invalid for lack of enablement. "Enablement is determined as of the effective filing date of the patent's application." *ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010) (internal citations omitted). The patent applications that issued as the '365 and '937 Patents were filed on August 18, 2011 and March 30, 2012, respectively. *See* Exhibit C at A14; Exhibit D at A18. As such, the full breadth of each claim in the '365 and '937 Patents should have been enabled no later than August 18, 2011 and March 30, 2012, respectively.

As of their filing dates, the '365 and '937 Patents did not enable the claimed requirement of *supercavitation* travel. "To be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation." *ALZA*, 603 F.3d at 940 (internal citations and quotations omitted). All the claims in the '365 and '937 Patents require that the claimed marine vessel achieve *supercavitation* travel. *See* Exhibit C at A15-16; Exhibit D at A19-20. For several years JMS has expended considerable efforts on research and development aimed at achieving *supercavitation* travel. *See* Exhibit G at A39-47; *see also* Dkt. 1 at ¶ 14 (noting that JMS had a prototype marine vessel in November 2009). Nonetheless, as of July 2015, JMS had not achieved this primary objective i.e., *supercavitation* travel. *See* Exhibit G at A47. JMS's inability – over a period of several years – to achieve *supercavitation* travel demonstrates that the information contained in the '365 and '937 Patents is insufficient with respect to practicing this

6

claimed feature. Accordingly, the '365 and '937 Patents are invalid for lack of enablement under 35 U.S.C. § 112, first paragraph.

For the reasons set forth above, the affirmative defense of patent invalidity has merit and is not frivolous. Therefore, the Government's motion to amend should be granted.

**C. The Government Did Not Unduly Delay or Act in Bad Faith**

A motion for leave to amend should be granted unless the movant unduly delayed or acted in bad faith. This Court has repeatedly found that a filing delay of less than one year is not an undue delay. *See Meyer Grp. v. United States*, 115 Fed. Cl. 645, 649 (2014) (granting defendant leave to amend one year after filing its original answer); *Tommaseo v. United States*, 80 Fed. Cl. 366, 373 (2008) (finding that a two-year delay in filing amended complaint was not excessive); *Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007) ("a nine-month delay standing alone is insufficient grounds to deny a motion to amend"); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year").

A motion for leave to amend a pleading should only be denied on the basis of a filing delay when the "delay is measured in years." *Meyer*, 115 Fed. Cl. at 649 (citing *Cooke*, 79 Fed. Cl. at 742); *see also Christofferson*, 77 Fed. Cl. at 366 (denying leave to amend after a six-year delay); *but see ATK Thiokol v. United States*, 76 Fed. Cl. 654, 661 (2007) (granting plaintiff leave to amend seven years after filing its initial complaint).

The Government files this motion to amend eight months after filing its Answer and five months after discovery opened in this matter. *See* Dkt. 8; Dkt. 12. As demonstrated by the cases cited above the Government's filing delay of eight months is not lengthy and certainly does not approach a length of time that should be considered excessive. *See e.g., Meyer*, 115 Fed. Cl. at 649 (finding that a one-year delay was not excessive); *Tommaseo*, 80 Fed. Cl. at 373 (finding

7

that a two-year delay was not excessive); *Cooke*, 79 Fed. Cl. at 742 (finding a nine-month delay was not excessive).

Moreover, the present motion is timely because it is requested partially in response to facts revealed during discovery. Courts have granted motions for leave to amend pleadings when a party uncovers new facts during discovery. *See St. Paul*, 31 Fed. Cl. at 153-54 (granting motion to amend answer six months after deposition testimony suggested additional defense). As explained above, the '365 and '937 Patents are invalid for lack of enablement. The Government became aware of this defense after reviewing documents obtained from JMS through discovery. *See* Exhibit G at A47. For the reasons above, the Government's Motion to Amend its Answer should be granted.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant leave to amend the Answer in order to assert the affirmative defense of invalidity on the grounds of lack of statutory subject matter under 35 U.S.C. § 101; lack of novelty under 35 U.S.C. § 102; obviousness under 35 U.S.C. § 103; lack of enablement under 35 U.S.C. § 112, first paragraph; and indefiniteness under 35 U.S.C. § 112, second paragraph.

\*\*Signatures on the following page\*\*

| | |
|---|---|
| Dated: July 13, 2016 | Respectfully submitted: |
| | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| | JOHN FARGO<br>Director, Intellectual Property Staff |
| |  s/ Corey R. Anthony |
| Of Counsel:<br>GARY L. HAUSKEN<br>JENNA E. MUNNELLY<br>Department of Justice | COREY R. ANTHONY<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, D.C. 20530<br><br>*Attorneys for the United States* |