# In the United States Court of Federal Claims

No. 15-747C
(Filed October 21, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
JULIET MARINE SYSTEMS, INC.,      *
                                  *
              Plaintiff,          *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * *
```

## ORDER

      On August 30, 2016, plaintiff filed a motion to compel the production of certain documents that the government had withheld under the deliberative process privilege. A week before the response to that motion was due --- on September 9, 2016 --- an unopposed motion for an enlargement of the time period in which the government could respond to that motion was filed and granted. Pursuant to the Court's order, the government's response was due on September 30, 2016. Two days before that response was due, the government filed a second motion for an enlargement of the time period in which it could respond to the motion to compel, seeking an extension until October 28, 2016. In its second motion, the government represented that it had been working diligently to receive the required authorizations from senior agency officials which are necessary to properly invoke the privilege. *See Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000); *Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006). The government contended that this process, at least as it concerned documents in the custody of the Navy and the State Department, required additional time to complete.[†] On October 10, 2016, plaintiff filed its opposition to the government's second motion. Plaintiff made three arguments against the sought enlargement.

---

[†] Plaintiff has since withdrawn the challenge to the assertion of privilege over documents belonging to the State Department, so only those generated by the Navy remain at issue.

First, it claimed that the government should have obtained the required authorizations at the time it sought to invoke the privilege, some three months earlier, and should not have waited until it needed the affidavits to support its opposition to the motion to compel.  *See Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, *modified on reconsideration*, 71 Fed. Cl. 205 (2006).  Second, plaintiff argued that it was improper for the government to wait until two days before the deadline to request the enlargement, as defendant presumably knew long before then that it would not be able to meet the deadline.  Last, plaintiff complained that further delay in resolving this discovery dispute would increase its litigation costs.

In its reply, filed yesterday, defendant contended that the majority view of courts considering the issue was that the government need not produce a declaration invoking the deliberative process privilege prior to the filing of a motion to compel.  *See* Def.'s Reply, ECF No. 32, at 3 (citing, *inter alia*, *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.,* 978 F. Supp. 2d 267, 278 (S.D.N.Y. 2013)). Whether this privilege may rest on affidavits which are generated after the privilege was used to withhold documents is a matter to be decided in the context of the motion to compel, not at this juncture. The process followed should not, however, obscure the fact that the decision to raise the privilege rests with the responsible agency officials and not the Department of Justice.  *See Landry*, 204 F.3d at 1135.

The agency in question is the Navy, whose officials have competing demands which concern pressing national security matters.  Given the recent ninety-two day extension of the discovery deadline, jointly requested by the parties, there is no reason to suppose that the plaintiff will be prejudiced by the government's requested enlargement.  In light of the department's other concerns and this lack of prejudice, the government's motion is **GRANTED**.  Defendant's response to the motion to compel the production of the documents withheld under the deliberative process privilege shall be filed on or by **Friday, October 28, 2016**.  The Court trusts that no further enlargements will be necessary.

**IT IS SO ORDERED.**

s/ Victor J. Wolski  
**VICTOR J. WOLSKI**  
Judge