# In the United States Court of Federal Claims

No. 15-747C
(Filed March 31, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
JULIET MARINE SYSTEMS, INC.,     *
                                 *
            Plaintiff,           *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

The government has filed a motion for leave to amend its answer to assert a defense of patent invalidity in this case arising under the Invention Secrecy Act (the Act), 35 U.S.C. §§ 181–88.  Plaintiff opposed this motion on the ground that such a defense would be futile, arguing that the invalidity of a patent is not a defense to a claim for compensation under the Act in which government use of the invention is not alleged.  The plain text of the Act, however, makes clear that the government may avail itself of any defense it may plead in an action under 28 U.S.C. § 1498.  35 U.S.C. § 183.  It is undisputed that one such defense available in an action under 28 U.S.C. § 1498 is patent invalidity.  *See Gargoyles, Inc. v. United States*, 113 F.3d 1572, 1581 (Fed. Cir. 1997).  The Court cannot rule out the possibility that the invalidity, or potential invalidity, of plaintiff's patents could have reduced the value of its invention, and accordingly reduce the damages plaintiff may recover.  While the Court doubts that patent invalidity can be a complete defense against claims for damages due to the impact of a secrecy order --- as damages can be obtained even before a patent is issued, *see* 35 U.S.C. § 183 --- that issue need not be resolved at this point.  In light of this uncertainty concerning the importance of the patent validity issue, the Court trusts that discovery related to this issue will be "proportional to the needs of the case considering the importance" of this issue.  RCFC 26(b)(1).  Accordingly, the government's motion for leave to amend its answer is **GRANTED**.  The amended answer, included as an attachment to that motion for leave, is to be filed accordingly.

- 2 -

As the fact that patent validity was not (yet) at issue was the reason that plaintiff, entirely reasonably, declined to substantively respond to certain of defendant's requests for admission, those responses are no longer sufficient. Accordingly, plaintiff shall, within 30 days of the date of this order, substantively respond to the requests for admission that were the subject of defendant's motion to have certain of its requests for admission deemed admitted.  *See* Def.'s Mot. ECF No. 42.  Plaintiff need not respond, however, to requests number 44 and 45, because defendant has failed to adequately explain how they are relevant to damages --- as those requests relate to the validity of patents that were never the subject of a secrecy order.  For these reasons, Defendant's Motion to Deem Admitted Defendant Defendant's Request for Admissions 8, 11 and 44–79 is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The government has offered to produce for i*n camera review* copies of those documents which are the subject of plaintiff's first, second, and supplemental motions to compel.  *See* Pl.'s Mots. ECF Nos. 20, 21 and 31.  Accordingly, copies of those documents should be delivered to Chambers for such *in camera* review, within 10 days of the date of this order.

**IT IS SO ORDERED.**

                                            s/ Victor J. Wolski
                                            **VICTOR J. WOLSKI**
                                            Judge