**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JULIET MARINE SYSTEMS, INC., <br><br>                      Plaintiff, <br><br>   v. <br><br>THE UNITED STATES, <br><br>                      Defendant. | No. 15-747 C <br><br> Judge Victor J. Wolski |

**AMENDED ANSWER OF THE UNITED STATES
TO PLAINTIFF'S COMPLAINT**

Defendant, the United States (the government) by and through its undersigned counsel, hereby answers the averments of plaintiff's Complaint filed on July 17, 2015. Dkt. 1. Each of the paragraphs numbered 1 to 24 responds to the corresponding paragraph in the Complaint. All averments in the Complaint are denied except for those expressly admitted to below. To the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, the government denies each and every such allegation.

**NATURE OF THE CASE**

1.      Paragraph 1 of the Complaint is a statement of plaintiff's intent in bringing this action, which requires no response. To the extent that an answer is deemed to be required, defendant admits that the government issued secrecy orders for Juliet Marine Systems, Inc. (JMS's) patent applications. Defendant further admits that plaintiff brought this action to obtain compensation under 35 U.S.C. § 183. Defendant denies that plaintiff was damaged by the secrecy orders, and further denies the remaining averments of Paragraph 1.

## PARTIES

2.  As to the first sentence of Paragraph 2, defendant admits that the last known address of JMS was 62 Deer Street, Portsmouth, New Hampshire 03801. As to the second sentence, defendant admits that Gregory Sancoff is the founder and Chief Executive Officer of JMS. As to the third sentence, defendant admits that Mr. Sancoff assigned his ownership interest in the following patents to JMS: United States Patents Nos. 8,408,155, issued on April 2, 2013; 8,857,365, issued on October 14, 2014; and 8,683,937, issued on April 1, 2014. Defendant further admits that JMS has other patent applications pending at the United States Patent and Trademark Office (USPTO). Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 and, for that reason, the same are deemed denied.

3.  Admitted.

## JURISDICTION AND VENUE

4.  Admitted.

## FACTUAL BACKGROUND

5.  Defendant acknowledges that plaintiff has asserted that the GHOST prototype is a small waterplane area twin hull (SWATH) design and that it further asserts that the GHOST prototype is a high speed, super-cavitating marine vessel. Defendant lacks knowledge and information sufficient to form a belief as to the truth of plaintiff's assertions or the other averments in Paragraph 5 and, for that reason, the allegations and averments are deemed denied.

6.  Defendant admits that JMS applied for the following patents on the following dates: 61/132,184 on June 16, 2008; 61/200,284 on November 26, 2008; 12/485,848 on June 16, 2009; and US09-047566 on June 16, 2009. Defendant admits that plaintiff refers to these four applications as the "GHOST patent applications." Defendant lacks knowledge and information

sufficient to form a belief as to the truth of the remaining averments in Paragraph 6 and, for that reason, the same are deemed denied.

7. As to the first two sentences of Paragraph 7, admitted. As to the third sentence, denied.

8. As to the first sentence of Paragraph 8, denied. Answering further, on August 30, 2010, the USPTO imposed new secrecy orders on each of the GHOST patent applications. As to the second sentence, defendant admits that these new secrecy orders were rescinded on June 9, 2011. As to the third sentence defendant admits that the restrictions on disclosure of information in the second secrecy order imposed on each of the GHOST patent applications was the same as the restrictions on disclosure of information in the first secrecy order on the same application, but denies that the secrecy orders were in effect for a total of approximately 15 months. Answering further, the secrecy orders were in effect for a total of approximately 14 months. Defendant denies the remaining averments in Paragraph 8.

9. As to Paragraph 9, defendant admits that each secrecy order states that the patent application to which it was applied "contains subject matter the unauthorized disclosure of which would, in the opinion of the sponsoring defense agency be detrimental to the national security." Defendant also admits that each secrecy order provides that "All principals in this application are ordered to keep the subject matter thereof in secrecy under 35 U.S.C. § 181," and that "principals" is defined in each secrecy order to "include all patent applicants, their heirs, assignees, licensees and their attorneys and agents." Defendant further admits that each secrecy order directed that the "subject matter of th[e] application" to which it was applied "may not be published or disclosed to any person except as specifically authorized" in the order or by written modification to the order granted by the Commissioner of Patents and Trademarks. Answering still further, each secrecy

order included an attached "Permit A" that authorized the principals, as defined in the secrecy order, to disclose the contents of the GHOST patent applications to:

    (a) any officer or employee of any department, independent agency or bureau of the Government of the United States;

    (b) any person designated specifically by the head of any department, independent agency or bureau of the Government of the United States, or by his duly authorized subordinate, as a proper individual to receive the subject matter; and

    (c) the minimum necessary number of persons of known loyalty and discretion, employed by or working with JMS or their licensees and whose duties involve cooperation in the development, manufacture or use of the subject matter by or for the Government of the United States.

Defendant denies the remaining averments in Paragraph 9.

    10.    The averments of the first two sentences of Paragraph 10 are denied.  However, defendant admits that each secrecy order included a paragraph stating:

> The subject matter of this application must be safeguarded under conditions that will provide adequate protection and prevent access by unauthorized persons.  When copies of the subject matter are no longer needed, they should be destroyed by a method that will prevent disclosure of the contents or reconstruction of the document.

Defendant further admits that each secrecy order contained a paragraph stating:

> Any other patent application already or hereafter filed in the U.S. or any foreign country which contains any significant part of the subject matter of the above-identified patent application also falls within the scope of this Order.  If such other application is not currently under a Secrecy Order imposed by the U.S. Patent and Trademark Office, it and the common subject matter must be brought to the immediate attention of:
>
> Mail Stop L&R
> Commissioner of Patents
> P.O. Box 1450
> ALEXANDRIA, VA 22313-1450

The third sentence of Paragraph 10 sets forth a legal conclusion to which no response is required. To the extent the third sentence is deemed to contain allegations that require a response, the same is denied, but defendant admits:

    (a) that 35 U.S.C. § 182 authorizes the Commissioner of Patents to direct the abandonment of any patent application that is subject to a secrecy order if the inventor or other persons identified in the statute causes the publication or disclosure of the subject matter of the patent application in violation of the secrecy order and without the consent of the Commissioner;

    (b) that, as a consequence of such abandonment under 35 U.S.C. § 182, all claims against the United States based on the invention claimed in the application are forfeited to the United States; and

    (c) that 35 U.S.C. § 186 provides criminal penalties for certain willful violations of a secrecy order.

11.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments in Paragraph 11 and, for that reason, the same is deemed denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    As to the first sentence of Paragraph 16, denied; as to the second sentence, admitted. Answering further, application number US09-047566 corresponds to a PCT application for which the USPTO never issued a patent.

## **COUNT**

17.    In response to Paragraph 17 of the Complaint, defendant re-alleges and incorporates the answers stated in Paragraphs 1-16 above.

18. Paragraph 18 only paraphrases 35 U.S.C. § 183. Accordingly, Paragraph 18 is a statement of law that need not be admitted or denied. To the extent Paragraph 18 is deemed to contain allegations that require a response, the same are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant admits that the government has not offered or provided any compensation for damages to JMS, but denies that JMS suffered any damages as a result of the secrecy orders and further denies that any compensation is owed.

24. Defendant denies that plaintiff is entitled to judgment in its favor, to any of the relief specifically sought in Paragraph 24 or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant further answers the Complaint by stating:

A. Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

B. Plaintiff is barred from recovery, in whole or in part, on the claims set forth in the Complaint by its failure to mitigate damages and by failing or refusing to take such actions as is reasonably necessary to minimize any loss which it may have sustained.

C. Plaintiff is barred from recovery, in whole or in part, on the claims set forth in the Complaint by virtue of the equitable doctrine of laches, estoppel and/or waiver.

D. Upon information and belief, the patent claims of U.S. Patent Nos. 8,408,155; 8,857,365; and 8,683,937 are invalid for failure to comply with one or more requirements of the

Patent Act, 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**E.**     Defendant further states that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert such defenses.

WHEREFORE, defendant respectfully requests judgment against plaintiff and prays that the Court:

**A.**     Dismiss the Complaint with prejudice and deny each prayer for relief;

**B.**     Adjudge that plaintiff was not damaged by the orders of secrecy and therefore is entitled to no compensation;

**C.**     Award defendant its expenses, including costs and reasonable attorney's fees in defending this Action;

**D.**     Adjudge all claims of the patents-in-suit as invalid; and

**E.**     Award defendant any further relief that the Court deems proper and just.

Dated:  April 3, 2017                               Respectfully submitted:

CHAD A. READLER
Acting Assistant Attorney General

GARY L. HAUSKEN
Director, Intellectual Property Staff

/s/ Jenna Munnelly
JENNA E. MUNNELLY
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

*Attorneys for the United States*